UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

SANZHARBEK ZHORAEV,                                                    Petitioner,

v.                                                    Civil Action No. 4:26-cv-159-RGJ

MIKE LEWIS, et al.,                                                    Respondents.

\* \* \* \* \*

### ORDER TO SHOW CAUSE[1]

Petitioner Sanzharbek Zhoraev, by counsel, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241.  Upon review of the petition, it is **ORDERED** as follows:

(1)     The Clerk of Court **shall** serve the United States Attorney for the Western District of Kentucky electronically at the following email address:  ben.schecter@usdoj.gov.

(2) The Clerk of Court **shall forward by certified mail, return receipt requested** one copy of the petition (Docket No. 1) and this Order on Respondent Mike Lewis, Hopkins County Jailer.

(3)     The Court finds good cause under 28 U.S.C. § 2243 to set the schedule for the return and hearing as set forth below.

(4)     **On or before March 20, 2026**, Respondents shall **SHOW CAUSE** why the writ of habeas corpus should not be granted.  *See* 28 U.S.C. § 2243; Fed. R. Civ. P. 6(a).

(5)     Petitioner may reply, if necessary, to Respondents **on or before March 23, 2026**.

(6)     The parties shall appear before this Court for a hearing on the petition on **March 24, 2026, at 3:45 p.m.** Eastern Time at the U.S. Courthouse in Louisville, Kentucky. If there are

---

[1] For a general view on this Court's procedure in Habeas proceedings, Plaintiff's counsel may refer to similar cases before this Court. *See, e.g., Vicen v. Lewis*, -- F.Supp. 3d. --, 2026 WL 541171 (W.D. Ky. Feb. 26, 2026). Unnecessary filings are not helpful. The Motion for a Show Cause Order [DE 4] is **MOOT.**

1

no evidentiary issues and the parties wish to forgo a hearing and submit the matter on the papers, the parties may file a joint motion, and the Court will remand the hearing date.

Petitioner may appear by Zoom if the option is available with the Hopkins County Jail and so long as Petitioner's appearance is not required as set forth in the following paragraph. Counsel may contact the Court's case manager, Ms. Andrea Morgan, at Andrea_Morgan@kywd.uscourts.gov to arrange for both Counsel for the Petitioner and the Petitioner to appear on Zoom.

(7)    Petitioner must notify the Court **on or before 12:00 PM March 20, 2026,** if an interpreter is necessary for the Show Cause Hearing.

(8)    "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243. If the Petitioner asserts that there are issues of fact necessary to be addressed in the hearing, then they shall inform the Respondents by **March 20, 2026, and the Respondent shall produce the body of the person detained at the hearing.**

(9)    In conjunction with each of their separate briefs, the Parties shall provide the following documents to the Court *as applicable*. The Court recognizes that not all the documents stated below will apply or be relevant. However, to the extent appliable, the Court requests: (1) Form I-220A Order of release on Recognizance; (2) Form I-862 Notice to Appear; (3) Form I-863 Notice of Referral to Immigration Judge; (4) Form I-200 Warrant for Arrest; (5) Form I-94 Arrival/Departure Record; (6) Form I-286 Notice of Custody Determination; (7) Form I-867AB Record of Sworn Statement in Proceeding; (8) Form I-860 Notice and Order of Expedited Removal;  (9) Form I-247 Notice of Temporary Inadmissibility; (10) Form I-238 Notice of Permanent Inadmissibility; (11) Any work authorization or adjustment of status petitions such as

2

an I-765 or an I-360; (12) And any other related immigration documents the Parties believe may be applicable.

(10)    As part of their briefs, the Parties shall address the following issues, *as applicable*. The Court recognizes that not all the questions below will apply or be relevant. However, to the extent applicable, the Court requests that the Parties address the following: (1) Where did Zhoraev enter the United States? (2) Was Zhoraev examined by a Customs and Border Patrol Officer ("CBP") or immigration officer at that time, if not, has Zhoraev ever presented herself to a CBP or immigration officer for inspection or examination, when and where? (3) How long has Zhoraev been present in the United States? (4) Did Zhoraev receive a Notice To Appear, and if so, when was it received? (5) Has Zhoraev ever been Admitted or Paroled into the country, and if so, what documentation does Zhoraev have? (6) Did Zhoraev receive an I-94 form? (7) What forms, if any, did CBP, DHS, or ICE provide to Zhoraev, and when and how were those forms served? (8) Were the forms provided, or read, in Zhoraev's native language? (9) Has Zhoraev been referred for a 1229a proceeding, or in the alternative, where does Zhoraev currently stand in the removal process? (10) Where and how was Zhoraev detained, and what documents were provided at the time of detention? (11) Has Zhoraev received a Form I-200 Warrant for Arrest? (12) Has Zhoraev appeared in front of an Immigration Judge, and if so, when and for what purpose? (13) Has Zhoraev ever been granted a bond hearing, if so, what were the results of such hearing? (14) Has Zhoraev applied for any adjustment of status or work authorization permit, and if so, what is the current status of the application(s)? And, if he has a work permit or visa, has he ever been notified that it has been cancelled?

Date:    March 17, 2026

Rebecca Grady Jennings, District Judge
United States District Court

cc:    Counsel
       Respondents, as directed above
       U.S. Attorney, WDKY, as directed above 4415.010

3