UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

SANZHARBEK ZHORAEV,                                             Petitioner,

v.                                                 Civil Action No. 4:26-cv-159-RGJ

MIKE LEWIS, et al.,

                                                              Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Sanzharbek Zhoraev's Writ of Habeas Corpus. [DE 1]. Respondents responded on March 20, 2026. [DE 12]. Petitioner replied on March 24, 2026. [DE 14]. The parties agreed no evidentiary hearing was necessary. [DE 10; DE 11]. This matter is ripe for adjudication. For the reasons below, the Court **GRANTS** the Petition for a Writ of Habeas Corpus. [DE 1].

### I.       Background

Petitioner Sanzharbek Zhoraev ("Zhoraev") is a native and citizen of Russia. [DE 1 at 1-2]. Zhoraev has been present in the United States since 2022. [*Id.* 16]. Zhoraev entered the United States without being admitted or paroled. [DE 12 at 85]. Although entering without being admitted or paroled, Zhoraev was met by immigration officials shortly thereafter near San Ysidro, California, was issued a Notice to Appear, and released into the interior of the United States. [DE 12 at 84]. Since his release, Zhoraev has been primarily residing in Woodridge, Illinois. [DE 1 at 2]. Zhoraev has been working as a truck driver. [*Id.*]. He also has a pending claim for asylum. [*Id.* at 7].

Zhoraev has been in detention since February 21, 2026. [*Id.*]. On February 20, 2026, Zhoraev was at the Terre Haute Weight Station in West Terre Haute, Indiana. [DE 12 at 85]. Local police approached Zhoraev and asked for proper work authorization and identification. [DE 1 at

8]. Zhoraev presented his valid work authorization and a driver's license. [*Id.*]. During this encounter, the officer reached out to Enforcement and Removal Operations ("ERO") in Chicago. [*Id.*]. After ERO Chicago responded, the officer arrested Zhoraev, and transferred him to the custody of Immigration and Customs Enforcement ("ICE"). [*Id.*]. ICE then transferred Zhoraev to Hopkins County Jail. [*Id.*].

On the same day as his detention, ICE issued an I-200 Warrant for Arrest to Zhoraev. [DE 12-1 at 94].  ICE also issued a second Notice to Appear Form I-862. [DE 12-1 at 90]. The Notice to Appear marked Zhoraev as an "alien present in the United States who has not been admitted or paroled." [*Id.*]. Zhoraev is currently in removal proceedings pursuant to 8 U.S.C. § 1229a. [DE 12 at 84]. Upon his detention, on March 10, 2026, Zhoraev requested a custody redetermination. [DE 1 at 2]. However, an Immigration Judge denied his request due to a "lack of jurisdiction." [*Id.*].

ICE contends that based on interim guidance from DHS, issued July 8, 2025, titled "Interim Guidance Regarding Detention Authority for Applicants for Admission," only those noncitizens who have already been admitted into the United States are eligible to be released during removal proceedings and all other noncitizens are subject to mandatory detention, under 8 U.S.C. § 1225 ("Section 1225"), not Section 1226. [DE 1 at 5-6]. This is a reversal of longstanding policy. [*Id.*].

Zhoraev asserts that the United States illegally detained him under Section 1225 instead of Section 1226 in violation of the INA. [*Id.* at 6-7]. And that this prolonged detention is in violation of his Due Process Rights under the Fifth Amendment. [*Id.* 10-12]. Therefore, Zhoraev seeks release from his detention, or in the alternative, to hold a bond hearing before a neutral IJ to determine whether he should remain in custody. [*Id.*].

In response, the United States "rel[ies] on and incorporate[s] by reference the legal arguments from the briefs the government filed with the Sixth Circuit Court of Appeals in the four §§ 1225-1226 appeals." [DE 12 at 86]. Those cases are *Lopez-Campos v. Raycraft*, Case No. 25-

1965 (6th Cir. Oct. 27, 2025); *Alvarez v. Noem,* Case No. 25-1969 (6th Cir. Oct. 27, 2025); *Contreras-Cervantes v. Raycraft*, Case No. 25-1978 (6th Cir. Oct. 28, 2025); *Pizarro Reyes v. Raycraft*, Case No. 25-1982 (6th Cir. Oct. 29, 2025). The United States concedes that the "relevant facts in all four matters on appeal" are "similar to the relevant facts in this matter" and the only "relevant legal question" is whether the Petitioner is detained under Section 1225(b)(2)(A) or Section 1226. [DE 12 at 86].

## II.     DISCUSSION[1]

### A.  Section 1225(b)(2) vs. Section 1226

While the relevant facts are undisputed by the parties, the United States argues Section 1225 applies to Zhoraev's detention, not Section 1226. The United States acknowledges that the Court has previously ruled on the substantive question regarding § 1225. [DE 12 at 86]. And, that the only relevant legal question is whether Zhoraev is "detained under 8 U.S.C. § 1225 or § 1226?" [*Id.* at 60]. As both parties acknowledge that the Court has previously ruled on this substantive issue, which is the only "relevant legal question," the Court incorporates by reference its reasoning in *Edahi*, 2025 WL 3466682, at *5-*13 and *Vicen v. Lewis,* 2026 WL 541171, *2–*9 (W.D. Ky. Feb. 26, 2026), holding that Section 1226 applies to the Petitioner based on the facts set forth above.

---

[1] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

### i. Related Case Law

The United States incorporated brief cites to several nonbinding district courts, and one BIA decision, to support their interpretation.[2] However, the Court is not persuaded by these decisions for the reasons previously explained in *Edahi*, 2025 WL 3466682, at *9–*13 and *Vicen* 2026 WL 541171, at *2–*9, incorporated here by reference.

\* \* \*

For the reasons above and incorporated, Zhoraev, who has been present in the United States for approximately four years, is not "seeking admission" into the United States, a fact acknowledged in his Notice for Appearance by not marking him as an "arriving alien," as well as his arrest pursuant to the I-200 Warrant which authority arises out of Section 1226. Section 1226, not Section 1225(b)(2), applies to his detention.

### B. Lawfulness of Current Detention

As stated, Zhoraev is detained under Section 1226. The United States contends that because Zhoraev is properly detained under Section 1225(b)(2), not Section 1226, and has not been "deprived of any due process." [DE 12 at 89]. Otherwise, the United States does not respond to Zhoraev's alleged violation of due process. Because the Court found that Zhoraev's detention is guided by Section 1226, the Court must determine whether the continued detention pursuant to Section 1226 is in violation of his Due Process.

The Due Process Clause extends to all persons regardless of status. *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025). This includes non-citizens. *Id.* To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part balancing test set forth in *Mathews v.*

---

[2] None of the cases cited by the United States are controlling authority within the Sixth Circuit. Further, the BIA is neither binding, nor should be viewed as persuasive authority, on any district court. See *Loper Bright Enter.*, 603 U.S. at 413 ("courts. . . may not defer to an agency interpretation of the law simply because a statute is ambiguous") (emphasis added).

*Eldridge*, 424 U.S. 319 (1976). The Court must weigh: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* at 335. The United States does not address the merits of his Due Process claim, but instead focuses solely on the legal argument of Section 1225(b)(2) versus Section 1226 as referenced above.

### 1. Private Interest

It is undisputed that Zhoraev has a significant private interest in not being detained. One of the "most elemental of liberty interests" is to be free from detention. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the very liberty that [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Courts can also consider the detainee's condition of confinement. *Martinez v. Noem*, 2025 WL 2598379, at *2 (W.D. Tex. Sep. 8, 2025). This is to determine if the conditions are indistinguishable from criminal incarceration. *Id.* Zhoraev is being detained at Hopkins County Jail. [DE 1 at 1].

Zhoraev previously lived in Illinois prior to his detainment. [DE 1 at 1-2]. But because of his detention in a separate state, he is away and separated from his community. [*Id.*]. Detention is thus making it difficult for Zhoraev to participate in his community, work, and connect with others. [*Id.*]. As a result, the first *Matthews* factor favors Zhoraev's position.

### 2. Risk of Error

The second factor concerns the risk of the erroneous deprivation of Zhoraev's liberty. Re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest. *Munoz Materano*, 2025 WL 2630826, at *15 (holding that "re-

detention without any individualized assessment" establishes a "high risk of erroneous deprivation" of a protected liberty interest). As of today, Zhoraev has not had a merits bond hearing, with counsel and evidence. *Munoz Materano*, 2025 WL 2630826, at *15 (holding that Due process requires at a minimum the opportunity for the petitioner to submit evidence and be heard). Respondents have not demonstrated that Zhoraev is a flight risk or a danger to the community, nor is it likely they can. Zhoraev has no criminal history and has a pending application for asylum. [DE 1 at 7]. Therefore, it would appear to the Court the only material change within the past year, with respect to Zhoraev, is the United States' interpretation of Section 1225 and Section 1226. Thus, because of a high, if not already evident, risk of erroneous deprivation of Zhoraev's liberty interest, the second *Matthews* factor favors Zhoraev.

### 3.  United States' Interest

The final *Matthews* factor concerns the Unites States' interest in the procedure, as well as any financial or administrative burdens associated with permissible alternatives. *Matthews*, 424 U.S. at 335. The Court recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings. *Sampiao*, 2025 WL 2607924, at *12. However, a "routine bond hearing" before an IJ presently "minimal" burdens to the United States." *Hyppolite v. Noem,* 2025 WL 2829511, at *15 (E.D. N.Y. Oct. 6, 2025). These procedures are also already in place. *Id.* Therefore, "existing statutory and regulatory safeguards adequately serve the governmental interest in promoting public safety." *Günaydin v. Trump*, 2025 WL 1459154, at *10 (D. Minn. May 21, 2025). Because of that, the Court finds that the third *Matthews* factor also favors Zhoraev.

Therefore, the Court finds that all three *Matthews* factors favor Zhoraev. The current detention of Zhoraev is in violation of the Due Process Clause and the INA.

### III.   Remedy

Numerous courts across the country have ordered the release of individuals stemming from ICE's illegal detention. *Patel*, 2025 WL 2823607, at *6; *Beltran Barrera*, 2025 WL 2690565, at *7; *Roble v. Bondi*, 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025) (ordering petitioner's "release from custody as a remedy for ICE's illegal re-detention"). The Supreme Court has also recognized that "Habeas has traditionally been a means to secure *release* from unlawful detention." *Thuraissigiam*, 591 U.S. at 107 (emphasis in original). This Court is releasing Zhoraev because of the "unlawful detention" by ICE and the United States for the reasons stated above. Zhoraev is not being released because he is detained pursuant to Section 1226. But instead, the Court is ordering his release because of the United States' illegal actions *it undertook* in Zhoraev's detention. *Hyppolite,* 2025 WL 2829511 *16 (holding that the United States cannot "detain [Petitioner] without first conducting a hearing before an IJ" because of the unlawful detention of Petitioner).

As a result of his release stemming from the "unlawful detention" in violation of his due process rights, and *further* pursuant to Section 1226 and its supporting regulations, Petitioner must be provided with a bond hearing on the merits before a neutral IJ prior to any re-detention. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). The IJ may consider the non-exhaustive list of factors set out in *Matter of Guerra* 24 I. & N. 37, 40 (BIA 2006). Courts across the country have routinely held this procedure proper. *Alonso*, 2025 WL 3083920, at *9; *Lopez-Campos,* F.Supp. 3d at 785-86; *Mboup v. Field Office Director of N.J.*, 2025 WL 3062791, at *2 (D.N.J. Nov. 3, 2025); *Espinoza*, 2025 WL 2675785, at *11; *Ramirez Clavijo*, 2025 WL 2419263, at *6; *Munoz Materano*, 2025 WL 2630826, at *20.

Zhoraev's procedural due process rights are not violated by the very fact he is detained. "Rather, [Petitioner's rights] are violated because she has been detained without a hearing that accords with due process." *Lopez-Arevelo v. Ripa*, 2025 WL 2691828, *12 (W.D. Tex. Sep. 22,

2025) (citing to *Black v. Decker*, 103 F.4th 133, 149-150 (2d Cir. 2024)). Therefore, "the proper remedy" is the "full process due under [Section 1226] which includes a bond hearing before an [IJ]." *Maldanado,* 2025 WL 2968042, at *9-10; *Morales-Martinez v. Raycraft*, 2025 WL 3124695, at *7 (E.D. Mich. Nov. 7, 2025) (holding that because Petitioner had been detained "without a . . . hearing, he is in federal custody in violation of federal law.")

Because Zhoraev is being detained pursuant to Section 1226, relevant regulations entitle him to a neutral bond hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). Therefore, to afford Zhoraev with the "full [due] process" under Section 1226, the United States must provide Zhoraev with a neutral bond hearing before an IJ. *Maldanado,* 2025 WL 2968042, at *9-10.

### VI.    Conclusion

For the reasons stated above, the United States has violated Zhoraev's due process rights. The Court **GRANTS** Zhoraev's Petition for Writ of Habeas Corpus [DE 1] and orders the following:

I.    The United States is directed to release Petitioner Zhoraev immediately because of the unlawful detention in violation of his due process rights.

II.    The United States must provide him with a bond hearing before a neutral IJ pursuant to Section 1226.

III.    The United States must certify compliance with the Court's order by a filing on the docket **by March 28, 2026.**

Rebecca Grady Jennings, District Judge
United States District Court

March 27, 2026

8